UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>ERIKA JEANETTE GUARDADO<br><br>Defendant. | 5:21-CR-50024-JLV-3<br><br>ORDER DENYING<br>MOTION TO SEVER (DOC. 122) |

Erika Guardado filed a Motion to Sever requesting her case be completely severed from that of her co-defendants, Joe Mendez and Nathan Mendez. (Doc. 122). The United States opposes the motion. (Doc. 131). A grand jury returned an Indictment charging the defendants with Possession with Intent to Distribute a Controlled Substance, namely 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (Doc. 44). The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Court District of South Dakota's Local Rule (LR) 57.11(B).

## DISCUSSION

### I. Defendants are Properly Joined under Rule 8(b)

When considering a motion for severance, the district court must first determine whether joinder was proper under Rule 8(b) of the Federal Rules of Criminal Procedure. United States v. Darden, 70 F.3d 1507, 1526 (8th Cir.

1

1995).  Federal Rule of Criminal Procedure 8(b) provides two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

Guardado does not argue that the defendants are improperly joined under Rule 8(b); joinder is in fact proper.  In light of proper joinder of defendants, the issue then becomes whether the joinder is prejudicial, permitting severance.

## II. Severance under Rule 14(a)

Severance under Federal Rule of Criminal Procedure 14(a) provides, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Rule 14 severance should be granted only "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[] or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Zafiro, 945 F.2d 881, 885 (7th Cir. 1991).  Serious risks identified by the Supreme Court include circumstances where essential exculpatory evidence available to a defendant tried alone is unavailable in a joint trial, where defendants with drastically different degrees of culpability are tried together in a complex case, and where highly prejudicial evidence that is

probative of a defendant's guilt is only technically admissible against a co-defendant.  Id.; United States v. Williams, 507 F. Supp. 3d 181 (D.D.C. 2020).

"To grant a motion for severance, the necessary prejudice must be severe or compelling."  United States v. George, 548 F. Supp. 2d 713, 720 (D.S.D. 2008).  "Because defendants who are jointly indicted on similar evidence from the same or related events should normally be tried together, to warrant severance a defendant must show 'real prejudice', that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.' "  United States v. Collins, 240 F. Supp. 2d 1078, 1081 (D.S.D. 2002) (quoting United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993).

"A defendant can show real prejudice either by showing that [his] defense is irreconcilable with the defense of [his] codefendant or codefendants or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants."  United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995).  Even though "one of the co-defendants may try to shift the blame to the other" that does "not mandate separate trials."  Collins, 240 F. Supp. 2d at 1081; see also United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996).

"Joint trials play a vital role in the criminal justice system" by promoting efficiency and serving "the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."  Id. (internal quotations omitted).  "[A] joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome."  George, 548 F.2d at 720.

This clear preference for joinder, applicable here, may be overcome if the party moving to sever "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009).  A court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. George, 548 F. Supp. 2d at 720.

When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary; however, the risk of prejudice posed by joint trials is best cured by "less drastic measures, such as limiting instructions." Zafiro v. United States, 506 U.S. 534, 537 (1993).

### A. Whether Guardado has Established Prejudice Warranting Severance

When joinder is proper under Rule 8, the defendant seeking to sever his case has the burden to demonstrate how a joint trial would prejudice his right to a fair trial.  Darden, 70 F.3d at 1526.

Guardado has three arguments in favor of severance.  (Doc. 122, pp. 1-2).  First, Guardado seeks the testimony of her co-defendants. Id. at p. 1.  Second, Guardado argues the defendants have "antagonistic defenses." Id.  Third, Guardado seeks to draw the jury's attention to "any in-trial silence of a co-defendant." Id. at p. 2.  The court will address each argument separately.

#### 1. Co-defendant's Testimony

The Eighth Circuit Court of Appeals held that the mere fact that the defendant claimed "he needed a separate trial in order to call co-defendant [] as a witness" was insufficient to demand severance; instead, the defendant must

4

show the witness would have "actually would have testified and his testimony would have been exculpatory." United States v. Blaylock, 421 F.3d 758, 766 (8th Cir. 2005); United States v. Graham, 548 F.2d 1302, 1311-1312 (8th Cir. 1977) ("A defendant is not entitled to severance on the weight of an unsupported possibility that a co-defendant's testimony might be forthcoming at a separate trial." The "assertion that his co-defendant might testify at a separate trial must find some independent support in the record." In this case, the court found that "the representation that these defendants might testify at a separate trial is based on nothing more than pure speculation and wishful thinking;" thus the motion to sever was denied.).

"[I]n view of the strong policies favoring joint trials where permissible, the defendant must show that the co-defendant's testimony would be substantially exculpatory. The defendant must show that the co-defendant's testimony would do more than 'merely tend to contradict a few details of the government's case against [him or her].'" United States v. Benton, 890 F. 3d 697, 714 (8th Cir. 2018) (quoting United States v. DeLuna, 763 F.2d 897, 920 (8th Cir. 1985)); see also United States v. Crumley, 528 F.3d 1053, 1064-65 (8th Cir. 2008) (holding that it is not enough "for a defendant to claim . . . that he needed a separate trial in order to call a co-defendant as a witness. He must show that it is likely his codefendant would have testified, and the testimony would have been exculpatory."). In deciding whether a co-defendant's testimony would be substantially exculpatory, the district court is entitled to

5

take into account "the other trial evidence and the impeachment evidence available to the government." Oakie, 12 F.3d at 1441.

Guardado asserts she would call one or both of her co-defendants to testify. Thus, the issue is whether the co-defendant would have actually testified and whether that testimony would be exculpatory. Guardado anticipates that her co-defendant's testimony would be "that Guardado rented the pickup from Hertz on January 26, 2021, and she subsequently had no access to the Pickup until they all three departed for South Dakota later on the same day." (Doc. 122, p. 1). Guardado provided no support in the record or evidence to support this claim. Therefore, the representation that her co-defendants may testify at a separate trial "is based on nothing more than pure speculation and wishful thinking." Graham, 548 F.2d at 1311-1312. Furthermore, the mere argument that she lacked access to the pickup after January 26, 2021, is not exculpatory.[1] Thus, the motion to sever on this ground fails to show prejudice which would warrant separate trials.

### 2. Antagonistic Defenses

Guardado claims that "it is anticipated that there will be antagonistic defenses to the charges in the indictment. The antagonism grows out of who had access to the Pickup after it was rented and before it left for South Dakota on the same day," assuming "the methamphetamine was not placed in the Pickup by a previous Hertz lessee." (Doc. 122, pp. 1-2).

---

[1] The fact that Guardado did not have access to the pickup truck may contradict the government's theory of their case but does not grant severance. Benton, 890 F. 3d at 714.

6

The United States Supreme Court declined to adopt a bright-line rule requiring severance when prejudice is shown or when co-defendants present antagonistic defenses. Zafiro, 506 U.S. 539. " 'Antagonistic' defenses require severance only when there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010) (citation omitted); United States v. Haywood, 421 F. Supp 3d 576, 583 ("mutual antagonism, standing alone, is not prejudicial;" thus, it is "insufficient to require severance"); see also United States v. Mietus, 237 F.3d 866, 873 (7th Cir. 2001) ("Even a showing that two defendants have 'mutually antagonistic defenses,' that is, that the jury's acceptance of one defense precludes any possibility of acquittal for the other defendant, is not sufficient grounds to require a severance unless the defendant also shows prejudice to some specific trial right."); United States v. Plato, 629 F.3d 646, 650–51 (7th Cir. 2010) ("When codefendants blame each other, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice . . . Severance is warranted only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[] or prevent the jury from making a reliable judgment about guilt or innocence.").

Guardado fails to articulate *how* any trial right would be compromised by the joint trial or explain how the joint trial would prevent the jury from making a reliable judgment. Guardado simply concludes this antagonism will: 1) prevent the jury from making a reliable decision about guilt or innocence; 2)

7

lead the jury to infer that this conflict demonstrates that all are guilty; 3) mislead or confuse the jury. Id. She fails to detail how any trial right would be affected, simply pointing to rights without showing prejudice is insufficient to grant severance.

Furthermore, less drastic measures, such as limiting instructions, should be considered because severance is not warranted. Therefore, the motion to sever on this ground fails to show prejudice which would warrant separate trials.

### 3. Mention of in-trial silence of a co-defendant

"[D]efense of Guardado concludes that effective presentation of his client's case requires that he direct the jury's attention to any in-trial silence of a co-defendant, the trial court must order defendants' cases to be severed." (Doc. 122, pp. 1-2). Guardado argues that a separate trial would have allowed her to subpoena her co-defendants who exercised their privilege against self-incrimination. In support of their argument, Guardado cites to De Luna v. United States, 308 F.2d 140, 154 (5th Cir. 1962)[2] (Fifth Circuit Court of

---

[2] In De Luna, Gomez claimed he was innocent and that De Luna, a passenger in his car, saw police officers coming, tossed Gomez a package of narcotics, and told him to toss it out the window. De Luna did not testify; his lawyer theorized he never tossed the package to Gomez. Gomez's counsel argued to the jury, "Well, at least one man was honest enough and had courage enough to take the stand and subject himself to cross examination and tell you the whole story," and "You haven't heard a word from this man (De Luna)." Id. at p. 142. The De Luna court held that the improper comments warranted reversal, enumerating several factors that were critical to its decision, including "the head-on collision between the two defendants, the repetition of the comments, and the extended colloquy over the comments between the trial judge and the lawyers." Id. at p. 154.

8

Appeals held "[i]f an attorney's duty to his client should require him to draw the jury's attention to the possible inference of guilt from a co-defendant's silence, the trial judge's duty is to order that the defendants be tried separately").

"The De Luna dictum has been cited on numerous occasions for the notion that a defense attorney may, under certain circumstances, be obligated to comment upon a codefendant's invocation of the fifth amendment, and that such an obligation requires severance." United States v. McClure, 734 F.2d 484, 490-91 (10th Cir. 1984)); see United States v. Kopituk, 690 F.2d 1289, 1319 (11th Cir. 1982); United States v. Hyde, 448 F.2d 815, 832 (5th Cir. 1971); United States v. De La Cruz Bellinger, 422 F.2d 723, 726 (9th Cir. 1970); Kolod v. United States, 371 F.2d 983, 991 (10th Cir. 1967). No decision, in which this court is aware, including De Luna, has ever ordered severance based upon this supposed "obligation." McClure, 734 F.2d at 490-91. "In McClure, the Tenth Circuit unequivocally rejected De Luna's dictum:

> We reject the dictum of the De Luna majority and today hold that under no circumstances can it be said that a defendant's attorney is obligated to comment upon a codefendant's failure to testify. As the Supreme Court has noted, the assertion of the fifth amendment privilege "is properly no part of the evidence submitted to the jury, and no inferences whatever can be legitimately drawn by them from the legal assertion by the witness of his constitutional right." Johnson v. United States, 318 U.S. 189, 196 (1943). If in fact the invocation of the fifth amendment privilege is of such dimension that it permits no inference of guilt or innocence, it is without probative value on the issue of a defendant's guilt or innocence. United States v. Marquez, 319 F. Supp. 1016, 1022 (D.C.N.Y. 1970). See also United States v. Atnip, 374 F.2d 720, 723 (7th Cir. 1967). Hence, we reject the notion that under certain circumstances a defense attorney may be "duty bound" to comment upon nonprobative evidence."

United States v. Schmidt, No. 04-cr-00103-REB, 2007 WL 9677003 (D. CO March 28, 2007) (quoting McClure, 734 F.2d at 491).

The Eighth Circuit Court of Appeals has had very little discussion of De Luna, citing to it on six occasions. The most relevant case being Hayes v. United States, 329 F.2d 209, 222 (8th Cir.), cert. denied, 377 U.S. 980 (1964) and United States v. Patterson, 140 F.3d 767, 774-75 (8th Cir. 1998). This Court did not find any instance where De Luna was cited by South Dakota's District Court.

In Patterson, the defendant contended that the district court abused its discretion in refusing to sever his trial from that of his codefendant, because a separate trial would have allowed him to subpoena his co-defendant who exercised his privilege against self-incrimination at their joint trial. Patterson, 140 F.3d at 774-75. He relied on De Luna v. United States, 308 F.2d 140, 141 (5th Cir. 1962) for the point that "[i]f an attorney's duty to his client should require him to draw the jury's attention to the possible inference of guilt from a co-defendant's silence, the trial judge's duty is to order that the defendants be tried separately." The Eighth Circuit found that Patterson did not demonstrated that co-defendant would have been willing to testify at a separate trial nor he has identified any testimony that co-defendant had to offer which would have exculpated him. Id. at 775 (citing to United States v. Kopelciw, 815 F.2d 1235, 1238 (8th Cir.1987); United States v. Reed, 733 F.2d 492, 508–09 (8th Cir.1984)).

10

In Hayes, the defendant was ordered not to comment upon the failures of his co-defendants to testify in his closing statement. Id. at 221. The Eighth Circuit held where a defendant wishes to make only a simple statement of his innocence, rather than comment on his co-defendant's failure to testify, it was "difficult to perceive any benefit that might flow to [the defendant] by permitting him to call the attention of the jury to the fact that some of his codefendants did not testify." Hayes, 329 F.2d at pp. 221-22. The court noted "[p]ermitting comment upon the failure of a defendant to testify constitutes prejudicial error as to the non-testifying defendant. On the other hand, where defendant is tried separately his counsel has the right to make fair comment upon the fact that his testimony has not been denied or contradicted." Furthermore, the Court must weigh the rights of the testifying and non-testifying defendants. Any imaginable benefit would have to be weighed against the possible detriment to the other defendants. The Eighth Circuit found that the defendant failed to show any prejudice has resulted to him from the denial of the right to comment; thus, he was given a fair trial. Id. at 222.

At this time, Guardado has not established that any of her co-defendants would be willing to testify at a separate trial nor has she identified any specific testimony, other than her unsupported assertion that her co-defendant's testimony would be "that Guardado rented the pickup from Hertz on January 26, 2021, and she subsequently had no access to the Pickup until they all three departed for South Dakota later on the same day." (Doc. 122, p. 1), that the co-defendant's have which would have exculpated her. Patterson, 140 F.3d

11

at 774-75.  Even if her co-defendants were willing to testify, the evidence that she did not have access to the pickup until after they departed for South Dakota is not exculpatory.

There has been no showing of possible prejudice remotely comparable to that in De Luna nor a duty to bring the silence of other defendants to the jury's attention.  Accordingly, the motion to sever on this ground fails to show prejudice which would warrant separate trials.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Sever (Doc. 122) be denied.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CRIM. P. 58(g)(2); 59(a).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  FED. R. CRIM. P. 59(a) Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 20th day of January, 2023.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge